# United States Court of Appeals
# for the Fifth Circuit

No. 25-50348

CONSOLIDATED WITH

No. 25-50349

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HUGO ALMEIDA-PONCE,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:24-CR-341-1, 4:24-CR-329-1

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Hugo Almeida-Ponce appeals following his conviction for illegal reentry, *see* 8 U.S.C. § 1326(a), as well as the revocation of his supervised release in a previous case. Regarding his conviction, Almeida-Ponce argues for the first time on appeal that the statutory sentencing enhancement in

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

25-50348
c/w No. 25-50349

§ 1326(b) is unconstitutional because it is based on facts not alleged in the indictment and neither admitted nor proved beyond a reasonable doubt. He does not raise any issue related to the revocation. Almeida-Ponce concedes that his only argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Government moves for summary affirmance or, alternatively, for an extension of time in which to file a merits brief. Almeida-Ponce takes no position on the motion for summary affirmance.

The parties are correct that the sole argument Almeida-Ponce raises on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time is DENIED as moot, and the judgment of conviction and the order of revocation are AFFIRMED.